UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

6620 WAREHOUSE, LLC

VERSUS

MXD GROUP, INC.

CIVIL ACTION

NUMBER 15-682-JWD-SCR

## ORDER TO AMEND NOTICE OF REMOVAL

Defendant MXD Group, Inc. removed this case asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Defendant alleged in its Notice of Removal that it is a California corporation with its principal place of business in Ohio. Defendant alleged that plaintiff 6620 Warehouse, LLC is a "Louisiana limited liability company domiciled in East Baton Rouge Parish," whose two member managers, "Adestra Properties, LLC, and Aquila Ventures, LLC, are also Louisiana limited liability companies."[1]

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[2]

Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it

---

[1] Record document number 1, pp. 1-2, ¶ 3.

[2] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), citing, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

has its principal place of business.  For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[3]  Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).  The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership.  *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007) (when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

Defendant's jurisdictional allegations as to the citizenship of the plaintiff are not sufficient to establish diversity jurisdiction.

Therefore;

IT IS ORDERED that defendant MXD Group, Inc. shall have 14 days to file an Amended Notice of Removal which properly alleges citizenship of plaintiff 6620 Warehouse, LLC.

---

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

**Failure to comply with this order may result in the case being remanded for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, October 16, 2015.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE